UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALERIE DUBE and
DENNIS DUBE,

    CASE NO. 05-CV-71713-DT
    HON. LAWRENCE P. ZATKOFF

    Plaintiffs,

vs.

ETHICON ENDO-SURGERY, INC., a
Johnson & Johnson company, MICHAEL
F. PRYSAK, M.D., and ST. JOHN
HOSPITAL AND MEDICAL CENTER,

    Defendants.
                        /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on June 16, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion for Remand (Docket Entry #4). Defendant Ethicon Endo-Surgery, Inc. ("Ethicon") has responded. Plaintiffs did not file a timely reply, but Ethicon has filed a Supplemental Memorandum in Support of Its Response. The facts and legal arguments are adequately set forth in the briefs submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e), this Court ORDERS that Plaintiffs' Motion for Remand be decided upon the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Plaintiffs' Motion for Remand is DENIED, but this case is nonetheless REMANDED TO WAYNE COUNTY CIRCUIT COURT.

## II. BACKGROUND

Plaintiff Valerie Dube is a Michigan resident who alleges she was severely burned during a gynecological procedure performed by Dr. Prysak at St. John Hospital on March 25, 2002. On November 18, 2003, Plaintiffs brought suit against Dr. Prysak, a Michigan resident, and St. John Hospital, a Michigan non-profit corporation, in Wayne County Circuit Court (the "St. John case"). During the March 24, 2005, deposition of one of the nurses present during Mrs. Dube's procedure, Plaintiffs allegedly learned that Ethicon was a potential liable party. In order to bring an action against Ethicon before the expiration of the applicable three-year statute of limitations, Plaintiffs filed the instant case against Ethicon in Wayne County Circuit Court on the same day (March 24, 2005) (the "Ethicon case"). On the face of the Ethicon Complaint, Plaintiffs included the following heading (bold in original):

> **There is a civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint that has been previously filed in the WAYNE COUNTY CIRCUIT before Hon. Robert J. Colombo, Jr., Case No. 03-338048 NH**

On April 29, 2005, Ethicon filed a Notice of Removal in this Court with respect to the case Plaintiffs filed against Ethicon on March 24, 2005, asserting jurisdiction on the basis of diversity of the parties. On May 18, 2005, Judge Colombo entered an "ORDER TO CONSOLIDATE PURSUANT TO MCR 2.505," wherein the Ethicon case was consolidated with the St. John case.

On May 19, 2005, Plaintiffs filed the instant Motion for Remand, arguing that the Ethicon case belonged in state court as it had been consolidated with the St. John case. In addition, Plaintiffs argue that if the Ethicon case continued in this Court, Plaintiffs would be adding Dr. Prysak and St. John Hospital as parties, thereby destroying the subject matter jurisdiction of this Court. On June 2, 2005, Ethicon filed a response to Plaintiffs' Motion for Remand, wherein Ethicon argued that this Court had jurisdiction over the Ethicon case at the time of removal. On June 3, 2005, Plaintiffs filed a document titled "First Amended Complaint Pursuant to MCLA 600.2957 and MCLA 600.6304" in this Court, wherein Plaintiffs seek to add Dr. Prysak and St. John Hospital as parties. On June

8, 2005, Ethicon filed its Supplemental Memorandum.

## II. ANALYSIS AND OPINION

**A.     Motion for Remand**

Ethicon proposed removing the Ethicon case to this Court on the basis of diversity jurisdiction. *See* 28 U.S.C. §1332; 28 U.S.C. §1441.  The Court finds that Ethicon's removal of the case filed on March 24, 2005, was appropriate in the technical sense as Ethicon was the only named defendant at the time (and at the time Plaintiffs filed their Motion for Remand).  As between Ethicon and Plaintiffs, the Court therefore agrees that there is diversity of citizenship of the parties and a sufficient amount in controversy such that it would have jurisdiction over this matter pursuant to 28 U.S.C. §1332.  For that reason, Plaintiffs' Motion for Remand is DENIED.

**B.     Remand of Plaintiffs' Complaint**

When the whole of this case is viewed with common sense and objectivity (which the Court has undertaken to do), however, the Court concludes that an immediate remand of this case to Wayne County Circuit Court is necessary and appropriate.  As Plaintiffs promised in their Motion for Remand, Plaintiffs recently filed a "First Amended Complaint Pursuant to MCLA 600.2957 and MCLA 600.6304," wherein Plaintiffs purport to add Dr. Prysak and St. John Hospital in this federal court action.  The Court is not an expert on the procedure for filing a first amended complaint under MCLA 600.2957 and MCLA 600.6304, but the Court is certain that a party's ability to file a first amended complaint in this federal court is governed by Fed. R. Civ. P. 15(a), which provides, in relevant part (emphasis added):

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  **Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.**

In this case, Ethicon filed an answer to Plaintiffs' original Complaint in the Ethicon case on April 29, 2005. As such, Plaintiffs ability to file a First Amended Complaint is conditioned on obtaining leave of this Court or written consent of the adverse party(ies). Plaintiffs have not provided the Court with written consent of Ethicon, Dr. Prysak or St. John Hospital. Therefore, the Court must determine whether the document titled "First Amended Complaint Pursuant to MCLA 600.2957 and MCLA 600.6304" constitutes a motion for leave to file an amended complaint.

Although inartfully pled, the Court concludes that the "First Amended Complaint Pursuant to MCLA 600.2957 and MCLA 600.6304" constitutes a motion for leave to file an amended complaint. In considering this issue, the Court is guided by the notion that common sense and practicality have a place in the legal and judicial systems, particularly where clients would incur unnecessary expenses (for the filing or refiling of pleadings, answers, motions and briefs related to amending the complaint and the ensuing motion(s) for remand) in the event such filing does not constitute a motion for leave to amend. The Court is also persuaded by the fact that the ultimate result of all of those filings would be the absence of subject matter jurisdiction of this Court and the remand of this case to Wayne County Circuit Court.

For the reasons set forth in the preceding paragraph, the Court grants Plaintiffs' motion for leave to file an amended complaint. Dr. Prysak and St. John Hospital, both Michigan residents, therefore are now defendants in this action. As such, the diversity of the parties upon which Ethicon removed the Ethicon case to this Court, and which served as the subject matter jurisdiction pursuant to which this Court could retain this case, has been eliminated. Therefore, because this Court no longer retains subject matter jurisdiction over this matter, the Court hereby REMANDS this case to Wayne County Circuit Court. 28 U.S.C. §1447(c).[1]

---

[1] In its Supplemental Memorandum, Ethicon argues that because Plaintiffs have filed the First Amended Complaint Pursuant to MCLA 600.2957 and MCLA 600.6304, "the basis of Plaintiffs' motion to remand is moot and they have now either expressly or implicitly waived their objection to the removal." Ethicon does not cite any authority in support of this bold statement. True or not, this Court must remand a case at any time prior to final judgment if it becomes evident that the Court lacks subject matter jurisdiction over such case. 28 U.S.C. 1447(c).

C.      **Conduct of Counsel and Order to Show Cause**

Upon review of the parties' respective filings with respect to the Motion for Remand, the Court concludes that the parties exerted a fair amount of time researching the applicable law and drafting the motion, answer and briefs in support of the same. The Court also finds that the arguments set forth by each party articulately advocated a legal position which *could* be asserted by its client in good faith, given the right situation. For the reasons set forth below, however, the Court concludes this is not such a situation.

The existence of the instant case and resulting Motion to Remand before this Court exemplify what can be summed up as the "win at all costs" litigation tactics of legal counsel (including the reckless pursuit of forum shopping and the use of delay and last minute surprise that can plague discovery). In this case, such tactics have resulted in the filing of unnecessary motions and briefs, thereby needlessly absorbing the Court's resources and, to the extent not demanded by clients, their funds. The Court's disdain for such tactics is evoked in this case because the record is clear.

When Plaintiffs filed their case against Ethicon on March 24, 2005,[2] Plaintiffs clearly provided Ethicon with notice that there was another case involving the incident out of which Ethicon's alleged liability arose. A simple review of the complaint in the St. John case reveals that the cause of action therein did arise out of the same occurrences (Mrs. Dube's procedure) that serve as the basis of the allegations against Ethicon (though the causes of action alleged by Plaintiffs in each case differ). At that point, counsel for the Plaintiffs and Ethicon should have engaged in discussions regarding the direction of the case against Ethicon, with Ethicon's attorneys explaining the basis for removal and Plaintiffs' attorneys explaining their intent to consolidate the case against Ethicon with the case against Dr. Prysak and St. John Hospital. Based on the accusations of the

---

[2] The fact that the key deposition revealing Ethicon's potential liability was taken literally on the eve of the expiration of the statute of limitations and the fact that Plaintiffs were able to file their Complaint against Ethicon on the very same day as the deposition was taken are not lost on the Court. In fact, they only serve to support its thoughts about the tactics of counsel in this case.

parties in their briefs about how each party pursued its own avenues without the knowledge of the other party, it appears none of these reasonable measures and/or prudent discussion were pursued.

Instead, counsel for each party stubbornly plowed ahead with its own agenda, recklessly ignoring the facts and happenings that were on the record, as exhibited by the following specific acts and omissions. First, contrary to the suggestion in Ethicon's brief that "at no time did Plaintiff counsel indicate any intent or strategy to combine" the cases against Ethicon and Dr. Prysak/St. John Hospital, the heading on the complaint filed against Ethicon clearly reveals (as noted above) that there was another case arising out of the same occurrence. Second, in filing its Notice of Removal in this Court, Ethicon failed to specify the existence of the pending case in Wayne County Circuit Court between Plaintiffs and Dr. Prysak/St. John Hospital, as required by Question 2 on page 2 of the Civil Cover Sheet accompanying its Notice of Removal. Contrary to the assertions in Ethicon's response to the Motion for Remand that Local Rule 83.11 requires that a party need identify only related federal cases, Question 2 expressly asks parties to identify *both state and federal cases* of that nature:

> Other than as stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court?" (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence).

Similarly, Plaintiffs were on notice that Ethicon had filed the Notice of Removal to bring the case into federal court no later than the first week of May. At that time, Plaintiffs' counsel should have explained to Ethicon's counsel Plaintiffs' intent to consolidate the two cases arising out of the March 25, 2002, procedure and worked with Ethicon's counsel to resolve its disagreement regarding the legitimacy of that removal. Instead, Plaintiffs' counsel obtained the Order to Consolidate in Wayne County Circuit Court at a time when the Ethicon case was, at a minimum, pending removal to this Court (and such Order apparently was obtained without notice to Judge Colombo that Ethicon had filed a Notice of Removal of the Ethicon case to this Court and perhaps without notice to Ethicon's counsel). In addition, in an effort to ensure that this Court lacked jurisdiction pursuant

to 28 U.S.C. §1332, Plaintiffs subsequently filed the "First Amended Complaint Pursuant to MCLA 600.2957 and MCLA 600.6304." In doing so, Plaintiffs have put the attorneys for Dr. Prysak and St. John Hospital in the position of (1) having to file their own motion(s) for remand in order to have this case kicked out of federal court, and then (2) charging their clients for the preparation of such needless motions.

For the reasons stated, the Court concludes that counsel for the parties have failed to pursue this matter in a reasonable matter, at the expense of the time and resources of this Court and the expense of their clients (and potentially Dr. Prysak and St. John Hospital). To deter such practice in the future, and to avoid the incurrence of unnecessary expense by the parties to this action, the Court hereby ORDERS counsel for Plaintiffs and counsel for Ethicon, respectively, to SHOW CAUSE, in detail and within ten (10) business days of the date of this Opinion and Order, why and how much each such counsel proposes to charge its client for any time or expense associated with the (a) the Notice of Removal; (b) the Motion for Remand; (c) the Response to the Motion for Remand; (d) the Supplemental Memorandum; (e) the First Amended Complaint; and (f) any additional documents filed with this Court subseqent to June 3, 2005.

To the extent that St. John Hospital and/or Dr. Prysak have been notified of Plaintiffs' proposed First Amended Complaint in this Court, the Court ORDERS counsel for Plaintiffs to contact counsel for St. John Hospital and Dr. Prysak immediately in order to notify such counsel that (i) this case will not be going forward in this Court (including sending a fax of this Opinion and Order to such counsel); and (ii) such counsel should provide the Court and Plaintiffs' counsel, within ten (10) business days of the date of this Opinion and Order, any time and expense such counsel has expended as a result of Plaintiffs' proposed First Amended Complaint.

The Court further ORDERS that counsel not bill their respective clients, as a direct charge or together with any other charges, for the time and expense associated with filing their respective responses to this ORDER TO SHOW CAUSE.

### III.  CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiffs' Motion for Remand is DENIED, but Plaintiffs' Complaint is nonetheless REMANDED TO WAYNE COUNTY CIRCUIT COURT.

The Court makes no determination as to the effect of this Opinion and Order on the Order to Consolidate issued by Wayne County Circuit Court Judge Colombo on May 18, 2005.  In light of Section II.C. above, however, the Court strongly encourages the parties to work together to minimize the filings necessary to proceed with this case in Wayne County Circuit Court.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff<br>LAWRENCE P. ZATKOFF<br>UNITED STATES DISTRICT JUDGE

Date: June 16, 2005

S:\Marie ECF\dube.061005.wpd