UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALERIE DUBE and
DENNIS DUBE,

        CASE NO. 05-CV-71713-DT
        HON. LAWRENCE P. ZATKOFF

    Plaintiffs,

vs.

ETHICON ENDO-SURGERY, INC., a
Johnson & Johnson company, MICHAEL
F. PRYSAK, M.D., and ST. JOHN
HOSPITAL AND MEDICAL CENTER,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on October 6, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court pursuant to the Court's Order to Show Cause dated June 16, 2005, wherein the Court ordered counsel for Plaintiffs and counsel for Ethicon, respectively, to show cause, in detail, why and how much each such counsel proposed to charge its client for any time or expense associated with the (a) the Notice of Removal; (b) the Motion for Remand; (c) the Response to the Motion for Remand; (d) the Supplemental Memorandum; (e) the First Amended Complaint; and (f) any additional documents filed with this Court subsequent to June 3, 2005.

Pursuant to the Order to Show Cause, counsel for Plaintiffs and counsel for Ethicon submitted timely responses. In addition, as requested by the Court, counsel for Michael F. Prysak, M.D. and St. John Hospital and Medical Center submitted its billing records showing time billed by counsel regarding Plaintiffs' proposed joinder of Prysak and St. John Hospital to the federal action.

The Court has reviewed the responses submitted by counsel for Plaintiffs and Ethicon. The Court finds that both responses are plagued by the same blame-game language and accusations associated with the posturing that resulted in this case needlessly being removed to federal court and prompting the Court's June 16, 2005, Order to Show Cause. The Court notes that counsel for the Plaintiffs has indicated that it is handling the case on a contingency basis, so any time and action exerted by such counsel is not being passed on to the Plaintiffs. The Court also notes that counsel for Ethicon has indicated that its ability to address why such counsel proposes to charge Ethicon for the cost of filing the Notice of Removal, the Response to Remand and the Supplemental Memorandum is limited because that "would call for a violation of the attorney-client privilege which Counsel is unable to do."

Rather than continue to join in the quagmire of escalating time and costs associated with the litigation of this matter, the Court concludes that counsel can work with their clients to resolve any billing issues on this matter. Perhaps, as counsel for Ethicon's response implies, one or more of the parties is the primary force driving the posturing of this case and the clients will be happy to pay for all of the attorney fees accumulating in this matter. Accordingly, the Court determines that counsel for the Plaintiffs and counsel for Ethicon can charge their respective clients in the manner they deem appropriate; provided, however, that the Court ORDERS that such clients not be billed for any time associated with the Order to Show Cause issued by this Court, including, but not limited to, the time and costs expended by counsel in reviewing the Order to Show Cause, responding to the Order to Show Cause or reviewing this Opinion and Order.

The Court also concludes, however, that Prysak and St. John Hospital unnecessarily incurred billings by their attorneys as a result of this matter being brought in federal court. As such, the Court finds it fair and equitable that counsel for Plaintiffs and counsel for Ethicon share equally in the costs of professional services provided by counsel for Prysak and St. John Hospital. The invoice submitted to the Court by counsel for St. John Hospital reflects that approximately six hours were expended by such counsel related to Prysak and St. John Hospital being brought into the federal

action. No hourly fees for any of the persons listed on the invoice as providing professional services was provided, but the Court finds that an hourly fee of $150 is reasonable with respect to such services.

Accordingly, the Court hereby ORDERS (1) counsel for Plaintiffs to pay $450.00 to counsel for St. John Hospital and Prysak within 10 business days of the date of this Opinion and Order, (2) counsel for Ethicon to pay $450.00 to counsel for St. John Hospital and Prysak within 10 business days of the date of this Opinion and Order, and (3) counsel for St. John Hospital and Prysak to apply such payments against any amounts due from St. John Hospital and Prysak (or reimburse them if no amounts are currently due).

IT IS SO ORDERED.

 s/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
Date:  October 6, 2005                             UNITED STATES DISTRICT JUDGE